**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MB FINANCIAL BANK, N.A.,

                Plaintiff,

      v.

SANJAY PATEL,

                Defendant.

No.

## COMPLAINT

Plaintiff, MB Financial Bank, N.A., by its counsel, for its complaint against Defendant, Sanjay Patel, hereby alleges as follows:

## THE PARTIES

1. Plaintiff, MB Financial Bank, N.A. ("Lender") is a national banking association organized and existing under the laws of the United States of America. The organization certificate and the articles of association for Lender list Illinois as the State where the main office and the Bank is located.

2. Defendant, Sanjay Patel (the "Co-Borrower"), is an individual and a citizen of Indiana.

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship and the amount in controversy, which exceeds $75,000 exclusive of interest and costs. Lender is a citizen of Illinois. Defendant Co-Borrower is a citizen of Indiana.

4. Venue is proper under 28 U.S.C. § 1391 because this is a district in which a substantial part of the events giving rise to the claim occurred, or alternatively, a district in which the Defendant is subject to personal jurisdiction.

## NATURE OF THE CASE

5. By this action, Lender seeks damages, reimbursement of its attorneys' fees, costs, and expenses, and other relief for Co-Borrower's default under two Mortgage Notes (as hereinafter defined): a $5,200,000 Mortgage Note given by Co-Borrower in favor of Lender and a $2,500,000 Mortgage Note given by Co-Borrower in favor of Lender.

6. The Mortgage Notes in question evidence loans made to Co-Borrower in the original principal amount of $7,700,000.

## JUDGMENT ON THE PROMISSORY NOTE

7. The Co-Borrower, Sanjay Patel, is the controlling member of Hiren, LLP. Hiren, LLP has filed a Chapter 11 bankruptcy petition in the United States District Court for the Southern District of Indiana, which action is currently pending as case no. 10-13944-AJM-11.

8. On May 18, 2006, Hiren, LLP and the Co-Borrower obtained a loan from Broadway Bank, for which each of them was jointly and severally liable. The loan was used in whole or in part for the construction of a Holiday Inn in Aurora, Illinois (the "Project") owned by Hiren, LLP. That loan was evidenced by, among other things, that certain Mortgage Note executed by Hiren, LLP and Co-Borrower, jointly and severally, in the original principal amount of $5,200,000 and dated as of May 18, 2006 (referred

-2-

to hereinafter, as modified by that certain Modification of Construction Mortgage And Other Security Documents on December 1, 2009, as the "Note"). True and correct copies of that certain Mortgage Note and the aforesaid modification are attached hereto as Exhibit A and Exhibit B, respectively.

9. The Co-Borrower and Hiren, LLP ultimately required additional funding from Broadway Bank to complete the Project. On November 29, 2007, Co-Borrower executed and delivered to Broadway Bank that certain Junior Mortgage Note (also executed by Hiren, LLP, jointly and severally), in the original principal amount of $2,500,000 and dated as of November 29, 2007 (referred to hereinafter, as modified by that certain Modification of Junior Mortgage And Other Security Documents on December 1, 2009, as the "Junior Note"). True and correct copies of that certain Junior Mortgage Note and the aforesaid modification are attached hereto as Exhibit C and Exhibit D, respectively.

10. Lender is the current legal holder of the Note and Junior Note. On April 23, 2010, the Illinois Department of Financial and Professional Regulation, Division of Banking, closed Broadway Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as the receiver for Broadway Bank. As a result, the FDIC became the legal owner of all of the right, title and interest in the property that was formerly held by Broadway Bank including, without limitation, the Note and the Junior Note. The FDIC subsequently assigned, for good and valuable consideration, all of its rights, title and interest in the Note and Junior Note, and all documents executed in conjunction therewith, to Lender pursuant to the terms and conditions of that certain

- 3 -

Purchase and Assumption Agreement among the FDIC and Lender dated as of April 23, 2010.

11.     Both the Note and the Junior Note provide that if the Co-Borrower:

> fails to pay when due any installment of principal or interest payable hereunder ... the unpaid principal hereof (including any amounts advanced by [Lender] in accordance with the Mortgage and/or the Loan Agreement and not repaid), with all accumulated interest thereon together with the Prepayment Fee, shall, at the option of [Lender] hereof, become immediately due and payable without notice or demand, such notice and demand being hereby expressly waived, and shall thereafter until this Note is paid in full bear interest at the Default Rate.

(*See* Ex. A, p. 3; Ex. C, p. 3.)

12.     Co-Borrower failed to pay Lender the required monthly payments due under the Note and the Junior Note on February 1, 2010 and thereafter. Failure to remit these payments is an Event of Default under the Note and the Junior Note.

13.     On September 13, 2010, Lender caused a notice of a default and demand for payment to be sent to Co-Borrower to notify the Co-Borrower that the Note and the Junior Note were in default and that all principal, interest and other amounts owed by Co-Borrower under the Note and the Junior Note would be immediately due and payable by Co-Borrower to Lender if the Co-Borrower did not cure the default (the "Notice"). A true and correct copy of the Notice is attached hereto as **Exhibit E.**

14.     Despite Lender's demand, Co-Borrower has failed and/or refused to repay the Note or the Junior Note as requested.

15.     The Note remains in default, and the unpaid principal balance is currently due and payable in the amount of $5,194,583.70. In addition, interest on the amounts due under the Note has accrued since February 1, 2010 and is currently due and owing,

together with other sums due and owing under the Note, such as late charges, deferred interest, advances and all costs, attorney's fees and expenses incurred by Lender to collect the Note.

16.     The Junior Note also remains in default, and the unpaid principal balance is currently due and payable in the amount of $2,500,000. In addition, interest on the amounts due under the Junior Note has accrued since February 1, 2010 and is currently due and owing, together with other sums due and owing under the Note, such as late charges, deferred interest, advances and all costs, attorney's fees and expenses incurred by Lender to collect the Junior Note.

17.     Lender has performed all conditions required of it under the provisions of the Note and the Junior Note.

WHEREFORE, Plaintiff, MB Financial Bank, N.A., requests entry of judgment in its favor and against defendant Sanjay Patel for the unpaid principal amounts due and owing under the Note and Junior Note of not less than $7,694,583.70, plus interest accrued since February 1, 2010, together with other sums due and owing under the Note and Junior Note, such as late charges, deferred interest, advances and all costs, attorney's fees and expenses incurred by Lender to collect the Note and Junior Note, and for such other and further relief as this Court deems just and appropriate under the circumstances.

MB FINANCIAL BANK, N.A.,


By:   _/s/ Lawrence M. Benjamin_____
            One of Its Attorneys

NGEDOCS: 1740505.4

Lawrence M. Benjamin (#6196417)
lbenjamin@ngelaw.com
Jason A. Frye (#6292848)
jfrye@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000

Dated: October 13, 2010

NGEDOCS: 1740505.4