IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MB FINANCIAL BANK, N.A., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 10 C 6566 |
| | ) |
| SANJAY PATEL, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff MB Financial Bank N.A.'s (MB) motion for summary judgment. For the reasons stated below, the court grants MB's motion for summary judgment.

## BACKGROUND

MB alleges that Defendant Sanjay Patel (Patel) is the controlling member of Hiren, LLC (Hiren), and that Hiren is currently in the midst of bankruptcy proceedings. MB also alleges that Broadway Bank made a $7,700,000.00 loan (Loan) to Patel and Hiren as co-borrowers who were jointly and severally liable for the debt pursuant to two mortgage notes (Notes). MB alleges that the Notes were

1

later modified and that sometime thereafter, MB became the legal holder of the Notes, as modified, through an assignment.

In addition, MB alleges that the Notes, as modified, provide that if Patel failed to make any payments when due, any unpaid principal and any accumulated interest would "become immediately due and payable without notice or demand . . . and bear interest at the Default Rate." (Compl. Par. 11). MB further alleges that Patel is in default on the Notes because Patel failed to make the required monthly payment on February 1, 2010, and has not made any payments thereafter. MB allegedly notified Patel of the default and demanded payment on the Notes, but Patel has allegedly refused to pay the amount owed on the Notes. MB includes in its complaint breach of contract claims relating to the Notes, as modified. MB has moved for summary judgment on its claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a

"metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Patel argues that MB's motion for summary judgment should be denied, contending that there are genuine issues of material fact regarding whether the modifications to the Notes (Modifications) extinguished his individual obligation to re-pay the Loan, and regarding the amount of money currently owed under the Notes. As evidence, Patel has offered an affidavit signed by him, which indicates that he had an oral agreement with the bank releasing him from liability under the Notes and that his signature as "President" on the Modifications was meant to give effect to the oral agreement. (Patel Aff. Par. 3-7, 9-11).

3

I. Effect of Modifications

Patel argues that there is a genuine issue of material fact regarding whether the Modifications released Patel from his individual obligations under the Notes. MB contends that Patel has waived the affirmative defense of release, that such defense is precluded by the Illinois Credit Agreements Act (ICAA), 815 ILCS 160/1 *et seq*., and that the Modifications clearly do not release Patel from his individual obligation to repay the Loan.

A. Whether Release Has Been Waived as a Defense

MB argues that Patel cannot assert the affirmative defense of release for the first time in response to MB's motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 8(c) (Rule 8(c)), "a party must affirmatively state any avoidance or affirmative defense, including . . . release," in responding to a pleading. Fed R. Civ P. 8(c). The purpose of Rule 8(c) "is to avoid surprise and undue prejudice to the plaintiff by providing [the plaintiff] notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). If a defendant fails to raise affirmative defenses in his answer, "those defenses are deemed waived." *Castro v. Chicago Housing Authority*,

360 F.3d 721, 735 (7th Cir. 2004).

In his answer, Patel indicated that the Notes and Modifications "speak for themselves." (Ans. Par. 5, 8-9, 11). The Seventh Circuit has found that such a statement "is not sufficient to put [a plaintiff] on notice" of a defendant's intention to assert release as an affirmative defense. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991). In addition, Patel indicated as his forth affirmative defense that he "reserve[d] the right to assert any additional affirmative defenses as may be discovered during the course of additional investigation and discovery in this matter." (Ans. 7). Such a reservation of rights cannot be used to circumvent Rule 8(c). If at some point Patel had discovered new information that supported an affirmative defense, it was incumbent upon Patel to file a motion to amend his answer. *Venters*, 123 F.3d at 967-68. No such motion was ever brought. Further, Patel cannot legitimately claim that it was only after investigation and discovery that he only understood that the Modifications released him from his obligations under the Notes. Patel has not provided any justification for his failure to raise release as an affirmative defense in his answer. In addition, although there is an exception to Rule 8(c) when its application would interfere with a substantial state interest, such exception does not apply in this case. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998)(discussing circumstances under which exceptions to

Rule 8(c) might be made). Based on the above, Patel has waived his ability to assert release as an affirmative defense.

      B.  Whether ICAA Bars the Affirmative Defense of Release

MB argues that, even if the affirmative defense of release was not waived, the ICAA bars Patel from asserting that an oral agreement existed that released Patel from his individual obligations under the Notes. Under 815 ILCS 160/1, a credit agreement is defined as "an agreement or commitment by a creditor to lend money or extend credit or delay or forbear repayment of money not primarily for personal, family or household purposes, and not in connection with the issuance of credit cards." 815 ILCS 160/1. Pursuant to 815 ILCS 160/3(3), in defense of an action against him, a debtor cannot assert that a new credit agreement is created, based on "the agreement by a creditor to modify or amend an existing credit agreement," unless the requirements of 815 ILCS 160/2 are satisfied. 815 ILCS 160/3(3). Pursuant to 815 ILCS 160/2, the ICAA requires that a credit agreement "is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." 815 ILCS 160/2.

It is undisputed that Illinois law applies to the Notes and Modifications. (R SF

6

Par. 14);(Compl. Ex. A, 4); (Compl. Ex. B Par. 8(a)); (Compl Ex C, 4); (Compl Ex D Par. 8(a)). It is also undisputed that Patel obtained the Loan as a co-borrower who was jointly and severally liable under the Notes. (R SF Par. 5, 9-11). The Notes constitute a credit agreement under 815 ILCS 160/1. Patel has submitted an affidavit indicating that there was an oral agreement to release Patel from his individual obligations under the Notes and to substitute Midwest Hospitality Group, Inc. (Midwest) as a borrower under the Modifications. (Patel Aff. Par. 3-11). Such an agreement would constitute a "new credit agreement" under 815 ILCS 160/3(3). Pursuant to 815 ILCS 160/3(3), Patel can only assert the new credit agreement as a defense to MB's claims if the new credit agreement satisfies the requirements of 815 ILCS 160/2. 815 ILCS 160/3(3). Under 815 ILCS 160/2, a credit agreement must be in writing. 815 ILCS 160/2. Thus, under Illinois law, Patel cannot invoke an oral agreement as evidence of his release. *See, e.g., Whirlpool Financial Corp. v. Sevaux*, 96 F.3d 216, 226 (7th Cir. 1996).

    Patel admits that the copies of the Notes and Modifications attached to the complaint are true and correct copies of the original documents. (R SF Par. 14). The preamble in each of the Modifications identifies Patel individually as a borrower. (Compl. Ex. B, D). In addition, the signature line on each of the Modifications identifies Patel individually as a borrower. (Compl. Ex. B, D). Thus, a review of the

7

Modifications reveals that Patel did, in fact, sign the Modifications as an individual borrower. Patel's unilateral act of adding the title "President" after his signature on the Modifications does not change the express terms of the Modifications. *See Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 384 (7th Cir. 1996)(stating that "one party to a contract may not unilaterally alter its terms"). Thus, the undisputed facts show that if any agreement was made to release Patel as a borrower, it was solely an oral agreement and Patel's affidavit providing evidence of that oral agreement is not sufficient to create a genuine issue of material fact regarding his liability under the Notes and Modifications. (R SAF Par. 3-6, 8-10). Since the ICAA precludes Patel from relying on an oral agreement as a defense to MB's claims, the ICAA bars Patel's affirmative defense of release.

C. <u>Whether Modifications Demonstrate Release</u>

MB argues that even if the affirmative defense of release was not waived or barred by the ICAA, the Modifications are unambiguous, fully-integrated contracts that name Patel as a borrower. When interpreting a contract under Illinois law, a court should "first ask if the language of the contract is ambiguous" or, in other words, whether the terms of the contract "are indefinite or have a double meaning." *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379-80 (7th Cir. 2009)(citations

omitted). If the court finds a contract is unambiguous, the court interprets the contract "with the goal of effectuating the parties' intent, giving contract terms their plain and ordinary meaning." *Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010)(citation omitted). As discussed above, the Modifications clearly identify Patel as a borrower. In addition, the Modifications do not indicate anywhere that Midwest would become a substitute borrower for Patel. (Compl. Ex. B, D). The language in the Modifications is unambiguous, and the court must therefore "enforce [the Modifications] as written. . . ." *Curia v. Nelson*, 587 F.3d 824, 829 (7th Cir. 2009)(stating that a contract is not ambiguous simply because the parties offer different interpretations of its language).

In addition, it is undisputed that the Modifications contain an integration clause indicating that "no other understandings, agreements or representations, either oral or written, express or implied, that are not embodied in the [Notes or Modifications], which collectively represent a complete integration of all prior and contemporaneous agreements and understandings by and among all of Borrower and Lender; and that all such prior understandings, agreements and representations are hereby modified as set forth in [the Modifications]." (Compl. Ex. B Par. 8(e)); (Compl. Ex. D Par 8(e)). Where a contract is unambiguous and includes an integration clause, consideration of extrinsic evidence is inappropriate. *See Lewitton*

9

*v. ITA Software, Inc*., 585 F.3d 377, 380-81 (7th Cir. 2009)(stating that "extrinsic evidence cannot be used to create ambiguity where none otherwise exists, . . . and it[s use] is misplaced [ ] where the contract includes an integration clause"). Therefore, Patel's affidavit does not create a genuine issue of material fact regarding Patel's obligation to repay the Loan.

Based on the above, the undisputed facts show that Patel is jointly and severally liable under the Notes, as modified. In addition, the undisputed facts show that Broadway Bank performed its obligations under the Notes, as modified. (R SF Par. 16-24). The undisputed facts also show that after Broadway Bank closed, the rights, title, and interest in the Notes and Modifications were assigned to MB. (R SF Par. 15). The record is also clear that in September of 2010, MB sent notices of default and demands for payment to Hiren and Patel. (R SF Par. 35). Further, the record shows that from February 1, 2010 to the present, Patel has not made any payments on the Notes, as modified. (R SF Par. 28-29). Therefore, there is no genuine issue of material fact regarding whether Patel breached the terms of the Notes, as modified, and the court grants MB's motion for summary judgment with respect to Patel's liability under the Notes and Modifications.

II. Amount Owed on the Notes

Patel argues that there is a genuine issue of material fact regarding the amount of money owed under the Notes. It is undisputed that Hiren filed a Chapter 11 bankruptcy petition, which is currently pending in the Southern District of Indiana. (R SF Par. 38). It is also undisputed that in the bankruptcy proceeding, Hiren stipulated in a Cash Collateral Order entered by the bankruptcy court that the amount owed to MB under the Notes and Modifications "was $7,694,583.70 plus accrued interest, late charges, real estate tax advances, accrued fees, costs, and attorney's fees." (R SF Par. 39). Patel contends that he is not judicially estopped in this action from challenging that the stipulated amount is due under the Notes and Modifications.

Judicial estoppel is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). The doctrine applies "when (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (citations omitted).

11

Patel argues that since he is not a litigant in the bankruptcy proceeding, the doctrine of judicial estoppel cannot be applied in this case to prevent Patel from challenging the amount currently due and owing on the Notes and Modifications. The Seventh Circuit has advised that "there is no requirement that the parties be the same for judicial estoppel to apply" and that "[w]hat matters for purposes of judicial estoppel is whether, in reaching its earlier decision, the court relied on the representation of the one against whom estoppel is asserted." *In re Airadigm Communications, Inc.*, 616 F.3d 642, 662 (7th Cir. 2010)(citing *Rederford v. U.S. Airways, Inc.,* 589 F.3d 30, 38 (1st Cir. 2009) and *Lowery v. Stovall,* 92 F.3d 219, 223 n. 3 (4th Cir. 1996))(stating that "judicial estoppel does not have a mutuality requirement because the doctrine 'is designed to protect the integrity of the courts rather than any interest of the litigants'"); *see also Capsopoulos on Behalf of Capsopoulos v. Chater*, 1996 WL 717456, at *2 (N.D. Ill. 1996)(stating that "[a]lthough judicial estoppel has generally been applied only where the identical party has taken the contradictory positions, a party in privity with the original party may also be estopped under judicial estoppel")(citing *Maitland v. University of Minnesota,* 43 F.3d 357, 363 (8th Cir. 1994)). It is undisputed that Patel "provided his counsel [in the bankruptcy proceeding] with information relating to the amounts due and owing to MB for purposes of the Cash Collateral Order." (R SF Par. 40). It

12

is also undisputed that Patel makes all financial decisions for Hiren. (R SF Par. 41). Based on the above, it is irrelevant that Patel is not a party in the bankruptcy proceeding.

Patel also argues that Hiren did not prevail on the issue of how much was owed on the Notes and Modifications in the bankruptcy proceeding, since the Cash Collateral Order entered by the bankruptcy court was agreed upon by Hiren and MB. Judicial estoppel is meant to "preclude[] litigants from deliberately changing positions according to the exigencies of the moment." *Kimbrell v. Brown*, 651 F.3d 752, 757 (7th Cir. 2011)(citation omitted)(internal quotations omitted). Under the doctrine of judicial estoppel, "when a party prevails on one legal or factual ground in a lawsuit, that party cannot later repudiate that ground in subsequent litigation based on the underlying facts." *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund*, 421 F.3d 580, 589 (7th Cir. 2005). A party prevails on a legal or factual ground when the first court adopts that party's position. *Pakovich v. Broadspire Services, Inc.*, 535 F.3d 601, 606 n 2 (7th Cir. 2008)(citation omitted). As discussed above, Patel provided information to his counsel regarding the amount due under the Notes and Modifications. (R SF Par. 40). In addition, as the person who makes all financial decisions for Hiren, Patel stipulated in the bankruptcy proceeding that $7,694,583.70 was due under the Notes and Modifications. (R SF Par. 41). It is

undisputed that the bankruptcy court adopted that figure in the Cash Collateral Order it issued. (R SF Par. 39). Thus, the bankruptcy court relied upon the representations made by Patel regarding the amount due under the Notes and Modifications and adopted the parties' position regarding the amount due.

Patel now claims that whether $7,694,583.70 is the correct amount due under the Notes is a genuinely disputed issue of material fact. Patel's current position regarding damages is clearly inconsistent with the earlier position he took in the bankruptcy proceedings, the facts at issue are the same in both cases, Patel convinced the bankruptcy court to adopt his position with respect to the amount due under the Notes and Modifications, and Patel would derive an unfair advantage or impose an unfair detriment on MB if not estopped. Thus, the doctrine of judicial estoppel applies in this case. Based upon the above, there is no genuine issue of material fact relating to the amount Patel owes under the Notes and Modifications. Therefore, the court grants MB's motion for summary judgment on the issue of damages, and awards MB $7,694,583.70 plus accrued and deferred interest.

## CONCLUSION

Based on the foregoing analysis, the court grants MB's motion for summary judgment in its entirety and awards MB $7,694,583.70 plus accrued and deferred interest. MB is ordered to submit to this court the amount of accrued and deferred interest and a proposed final judgment order by February 8, 2012. If Patel believes that the amount of accrued and deferred interest submitted by MB is incorrect, Patel may file an opposition by February 15, 2012.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 1, 2012